**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-01985-CMA-KMT

MICAH JUAREZ,

    Plaintiff,

v.

KROGER COMPANY, a foreign corporation,

    Defendant.

---

**ORDER *SUA SPONTE* REMANDING CASE TO STATE COURT**

---

This matter is before the Court *sua sponte.* For the reasons discussed below, the Court concludes that Defendant Kroger Company has not established the Court's subject matter jurisdiction over this case. As such, the Court remands this case to the District Court, Denver County, Colorado, for further proceedings.

## I. BACKGROUND

This case concerns injuries Plaintiff sustained when Defendant's employee allegedly pushed a row of shopping carts into Plaintiff's back and legs, causing serious injury. (Doc. # 4 at 2.) On May 13, 2014, Plaintiff filed a Complaint in Colorado state court alleging a premises liability claim. (*Id.* at 3.) Defendant filed a Notice of Removal on July 17, 2014, alleging diversity jurisdiction under 28 U.S.C. § 1332. (Doc. # 1.)

## II. **DISCUSSION**

Section 1332(a) sets forth two requirements for diversity jurisdiction: (1) an "amount in controversy [that] exceeds the sum or value of $75,000 exclusive of interest and costs" and (2) diversity of citizenship between the parties. 28 U.S.C. § 1332(a). The party invoking federal jurisdiction bears the burden of proving that such jurisdiction exists. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). A removing defendant must prove jurisdictional facts by a "preponderance of the evidence," including that the amount in controversy may exceed $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Such proof may arise in a variety of ways, *see id.* at 954, but conclusory assertions or outright speculation do not suffice, *Tafoya v. American Family Mutual Insurance Co.*, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009) (unpublished).

In the instant case, while Defendant asserts that the amount in controversy exceeds $100,000 (Doc. # 1 at 3), Plaintiff, in her Complaint, did not specify a monetary estimate of the damages it allegedly suffered (*see* Doc. # 5). Instead, Plaintiff merely asks for "fair and reasonable compensatory damages . . . and for all other common law, statutory, legal, and equitable remedies and penalties . . . as may be determined by the Court." (*Id.* at 5.) The sole instance of Plaintiff's estimate of damages is found on the state court Civil Cover Sheet accompanying Plaintiff's Complaint, which includes a check-marked box indicating that Plaintiff is seeking a monetary judgment for more than $100,000.00 against Defendant. (Doc. # 1-2.) This Court has previously addressed the evidentiary value, or lack thereof, of the state court Civil Cover Sheet in, for example, *Garner v. Vaki*, No. 11-cv-01283, 2011 WL 2463285, at *1 (D. Colo. June

2

21, 2011) (unpublished), and *Tejada v. Allstate Fire & Casualty Insurance Co.*, No. 09-cv-02096, 2009 WL 2958727, at *1 (D. Colo. Sept. 10, 2009) (unpublished). In both *Garner* and *Tejada*, the Court stated that "the Colorado Civil Cover Sheet, by itself, does not establish the requisite amount in controversy to sustain diversity jurisdiction." *Id.* (citing *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208 (D. Colo. 2007)).

Other sources of evidence often relied on to establish the amount in controversy, including "interrogatories obtained in state court before the notice of removal was filed, a proposed settlement amount, or affidavits," are not present in this case. *See Tejada*, 2009 WL 2958727, at *1. As such, there is insufficient evidence that the value of this action exceeds the amount in controversy requirement of $75,000. Any attempt by the Court to calculate the potential amount of damages "would simply be guesswork and, thus, amount to improper speculation." *Garner*, 2011 WL 2463285, at *1 (citing *Tafoya*, 2009 WL 211661, at *2.) Thus, Defendant's Notice of Removal does not establish the requisite jurisdictional amount by a preponderance of the evidence.

### III. **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that this action is REMANDED to the District Court, Denver County, Colorado, for further proceedings.

DATED: July   30  , 2014

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge